U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY -1 P 4: 22

CLERK OF COURT

RAVIAH STEPHENS,

Plaintiff,

26-C-0781

v.                                         Case No. _____

TRANSUNION LLC,

Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT
### (15 U.S.C. §§ 1681i, 1681i(a)(6), and 1681e(b))

## JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this District because Defendant conducts business in this District and the events giving rise to this action occurred within this District.

## II. PARTIES

4. Plaintiff, Raviah Stephens, is a consumer as defined by 15 U.S.C. § 1681a(c).

5. Defendant, TransUnion LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

## III. FACTUAL BACKGROUND

6. Plaintiff depends on the accuracy of her credit report to obtain credit, secure financial opportunities, and maintain financial stability.

7. Defendant is required under the FCRA to follow reasonable procedures to assure maximum possible accuracy and to avoid reporting information in a manner that would mislead users of consumer reports.

8. Plaintiff obtained a TransUnion credit report dated March 19, 2026, attached as Exhibit B.

9. The report contains multiple tradelines reported in a manner that fails to reflect their true status and would mislead a reasonable creditor regarding Plaintiff's creditworthiness.

## IV. SPECIFIC FACTUAL INACCURACIES

**NAVY FEDERAL CREDIT UNION — Account No. 500001**

10. Defendant reports this account as a charge-off with a balance of $2,246 and a closed date of August 16, 2024.

11. The account reached charge-off status in or around December 2024.

12. Defendant continues to report charge-off designations each month through at least February 2026.

13. The balance remains unchanged.

14. A charge-off is a single historical event and does not represent recurring monthly delinquency.

15. This reporting portrays the account as ongoing delinquent activity.

16. This exaggerates the severity and recency of Plaintiff's credit behavior.

17. As reported, the tradeline is materially misleading.

**OPENSKY CAPITAL BANK — Account No. 462192**

18. Defendant reports this account as a charge-off with a balance of $125 and a closed date of August 18, 2023.

19. The account reached a terminal charge-off status in 2023.

20. Defendant continues to report charge-off designations each month through at least 2025.

21. The balance remains unchanged.

22. This creates the appearance of ongoing delinquency after the account was closed.

23. As reported, the tradeline is materially misleading.

**SELF FINANCIAL / LEAD BANK — Account No. CBA000**

24. Defendant reports this account as paid and closed with a zero balance.

25. The payment history reflects charge-off designations from November 2025 through March 2026.

26. A paid and closed account should not reflect ongoing charge-off activity.

27. This creates a direct inconsistency between account status and payment history.

28. A reasonable creditor cannot determine whether the account is resolved or still delinquent.

29. This reporting is inaccurate and materially misleading.

**AUSTIN CAPITAL BANK — Account No. 8A8786**

30. Defendant reports this account as paid and closed with a zero balance.

31. The account reflects prior delinquency before closure.

32. The reporting does not clearly distinguish historical delinquency from current status.

33. This creates a misleading impression of continued credit risk.

34. As reported, the tradeline is materially misleading.

**EDUCATORS CREDIT UNION — Account No. 366833**

35. Defendant reports this account as paid and closed with a zero balance.

36. The payment history reflects delinquency prior to closure.

37. The reporting emphasizes delinquency without clearly indicating resolution.

38. This creates the appearance of ongoing derogatory status.

39. As reported, the tradeline is materially misleading.

**HERITAGE CREDIT UNION — Account No. 99875**

40. Defendant reports this account as paid and closed with a zero balance and a status of "paid as agreed."

41. The payment history reflects significant delinquency.

42. The "paid as agreed" designation contradicts the delinquency history.

43. This creates an internal inconsistency.

44. A reasonable creditor cannot reconcile the account's true status.

45. This reporting is inaccurate and materially misleading.

## V. DISPUTE AND FAILURE TO REINVESTIGATE

46. On or about March 23, 2026, Plaintiff submitted a written dispute to Defendant identifying the specific inaccuracies described above, attached as Exhibit A.

47. Plaintiff's dispute specifically explained that Defendant was reporting charge-offs as recurring monthly activity and reporting accounts in a manner that

created the false impression of ongoing delinquency, despite those accounts having reached a terminal status.

48. Plaintiff requested a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i.

49. A reasonable reinvestigation required Defendant to review the substance of Plaintiff's dispute, examine the account histories for internal inconsistencies, and determine whether the reporting accurately reflected the true status of the accounts.

50. Defendant failed to correct the inaccuracies identified in the dispute.

51. Upon information and belief, Defendant relied on automated systems and furnisher responses without independent verification.

52. Defendant failed to resolve the inconsistencies identified in Plaintiff's dispute and instead relied on furnisher responses without addressing the substance of the dispute.

53. Defendant therefore failed to conduct a reasonable reinvestigation.

## VI. FAILURE TO PROVIDE RESULTS BY MAIL

54. Plaintiff did not authorize Defendant to provide reinvestigation results by electronic means.

55. Defendant failed to provide Plaintiff with written notice of the results of the reinvestigation by mail within five (5) business days after completion of the reinvestigation.

56. Upon information and belief, Defendant either failed to send any written notice by mail or instead relied on electronic delivery methods without Plaintiff's authorization.

57. This deprived Plaintiff of proper notice and the ability to respond.

58. Defendant's conduct constitutes a violation of 15 U.S.C. § 1681i(a)(6).

## VII. CFPB COMPLAINT

59. Plaintiff filed a complaint with the Consumer Financial Protection Bureau regarding Defendant's reporting.

60. Defendant verified the accounts without correcting the inaccuracies.

61. Exhibit D contains the CFPB complaint and response.

## VIII. DAMAGES AND CAUSATION

62. On or about March 12, 2026, Plaintiff applied for credit and was denied, as shown in Exhibit C.

63. The denial was based, in whole or in part, on Defendant's reporting.

64. The denial cited delinquent accounts and accounts not paid as agreed.

65. Defendant's reporting portrays Plaintiff as having ongoing delinquent obligations.

66. This materially misleading reporting was a substantial factor in the denial.

67. Plaintiff suffered financial harm, loss of opportunity, and emotional distress.

## IX. CLAIMS

### COUNT I – VIOLATION OF 15 U.S.C. § 1681i

### (Failure to Conduct Reasonable Reinvestigation)

68. Plaintiff incorporates all preceding paragraphs.

69. Defendant failed to conduct a reasonable reinvestigation.

### COUNT II – VIOLATION OF 15 U.S.C. § 1681e(b)

### (Failure to Assure Maximum Possible Accuracy)

70. Plaintiff incorporates all preceding paragraphs.

71. Defendant failed to ensure maximum possible accuracy.

### COUNT III – VIOLATION OF 15 U.S.C. § 1681i(a)(6)

**(Failure to Provide Results by Mail)**

72. Plaintiff incorporates all preceding paragraphs.

73. Defendant failed to provide written notice by mail.

## X. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

a. Enter judgment in favor of Plaintiff;

b. Award actual damages;

c. Award statutory damages;

d. Award punitive damages;

e. Award costs and fees;

f. Grant such other relief as the Court deems just and proper.

## XI. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Raviah Stephens
7326 W Potomac Ave
Milwaukee, WI 53216
(414) 524-9255
Theeraiway@yahoo.com
Date: May, 1, 2026

**EXHIBITS**

Exhibit A – Notice of Dispute

Exhibit B – Credit Report Showing Inaccuracy

Exhibit C – Denial Letter

Exhibit D – CFPB Complaint

**CERTIFICATE OF SERVICE**

I certify that on this __1__ day of __May__, 2026, a true and correct copy of the foregoing Complaint was served via certified mail upon:

TransUnion LLC
c/o Corporation Service Company (Registered Agent)
33 East Main Street, Suite 610
Madison, WI 53703

Raviah Stephens