UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAVIAH STEPHENS,

Plaintiff,

v. Case No. 26-C-781

TRANS UNION LLC,

Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Raviah Stephens, proceeding pro se and *in forma pauperis*, commenced this action in which she claims that she was denied credit based on inaccuracies in a credit report prepared by Defendant Trans Union LLC. Plaintiff alleges that Trans Union violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, in three ways: (1) by failing to use reasonable procedures to assure maximum possible accuracy in violation of § 1681e(b); (2) by failing to conduct a reasonable reinvestigation upon notification of inaccuracy by Plaintiff in violation of § 1681i(a)(1)(A); and (3) by failing to provide written reinvestigation results in violation of § 1681i(a)(6)(A). The case is now before the Court on Trans Union's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the motion will be granted.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges she was denied credit on March 12, 2026, based on information in her credit report provided by Trans Union. Compl. ¶¶ 62–64, Dkt. No. 1. Plaintiff claims that she obtained a credit report from Trans Union on March 19, 2026, that contained "multiple tradelines

reported in a manner that fails to reflect their true status and would mislead a reasonable creditor regarding Plaintiff's creditworthiness." *Id.* ¶¶ 8–9. With regard to three accounts—Navy Federal Credit Union (Navy), OpenSky Capital Bank (OpenSky), and Self Financial/Lead Bank (Self Financial)—Plaintiff claims that the credit report has displayed charge-off designations over several consecutive months despite the fact that only one charge-off occurred with regard to each account and the accounts are closed. *Id.* ¶¶ 12, 20, 25. She alleges that the reported information regarding the three accounts is "materially misleading" in that it suggests recurring monthly delinquency. *Id.* ¶¶ 17, 23, 29. Plaintiff alleges that the information regarding the Self Financial account in particular is "inaccurate" because even though it is listed as paid and closed, the payment history reflects charge-off entries from November 2025 through March 2026. *Id.* ¶¶ 24–25.

Plaintiff also challenges information provided as to three other accounts—Austin Capital Bank (Austin), Educators Credit Union (Educators) and Heritage Credit Union (Heritage). Plaintiff alleges that, according to the report, her Austin and Educators accounts were reported as "paid and closed with a zero balance," *id.* ¶¶ 30, 35, but both accounts show prior delinquencies before they were closed. *Id.* ¶¶ 31, 36. Plaintiff alleges that this reporting "does not clearly distinguish historical delinquency from current status" and "creates a misleading impression of continued credit risk." *Id.* ¶¶ 32–33. Finally, Plaintiff alleges that her Heritage Credit Union ("Heritage") account is reported with a "zero balance and a status of 'paid as agreed,'" but shows a payment history that reflects "significant delinquency." *Id.* ¶¶ 40–41. She argues that this information "is inaccurate and materially misleading." *Id.* ¶ 45.

Plaintiff alleges that she notified Trans Union of the "specific inaccuracies" in her report and requested that Trans Union conduct a reasonable reinvestigation pursuant to 15 U.S.C.

§ 1681i(a)(1)(A). *Id.* ¶¶ 46, 48. Trans Union did not correct the alleged inaccuracies. *Id.* ¶ 50. Plaintiff also alleges that Trans Union did not notify Plaintiff of the reinvestigation results by mail as required by § 1681i(a)(6). *Id.* ¶¶ 55, 58. Plaintiff alleges that Trans Union's actions caused Plaintiff a loss of credit, and as a result, financial harm. *Id.* ¶ 67. Plaintiff seeks actual, statutory, and punitive damages. *Id.* at 7.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss, the court accepts the facts in the plaintiff's amended complaint as true and views them in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Supreme Court has held, however, that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead "detailed factual allegations," he or she must plead "more than labels and conclusions." *Id.* The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss, a court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). A plaintiff must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's allegations must facially state a plausible claim, which requires more than a

mere possibility, although it does not create a probability requirement. *Id.* In evaluating a motion to dismiss, the Court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *See Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

**ANALYSIS**

Trans Union is a consumer reporting agency (CRA) within the meaning of the FCRA. 15 U.S.C. § 1681a(f). The FCRA requires CRAs to "follow reasonable procedures to assure maximum possible accuracy" in consumer credit reports. *Id.* § 1681e(b). If the completeness or accuracy of any item of information contained in a consumer's credit report is disputed by the consumer, the consumer may notify the CRA of the dispute and the CRA must then conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate" or delete the item within thirty days of the notice. *Id.* § 1681i(a)(1)(A). In conducting the reinvestigation, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* § 1681i(a)(4). The CRA is required to provide written notice to the consumer of the results of a reinvestigation within 5 business days after the completion of the reinvestigation. *Id.* § 1681i(a)(6).

A threshold requirement to state a claim under both § 1681e(b) and § 1681i(a) is that there must be inaccurate information in a plaintiff's consumer report. *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021); *see also Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 811 (7th Cir. 2023) ("A CRA's liability under both § 1681e(b) and § 1681i(a) depends on inaccurate information—if the credit report is accurate, the consumer has suffered no damages."). "Accuracy is not defined in the statute, but it has long been understood that 'accuracy' encompasses both truth and completeness—a report that is misleading or materially incomplete is

inaccurate." *Id.* at 809 (citing *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 39–42 (D.C. Cir. 1984), and *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)). "An item on a credit report can be incomplete or inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Frazier v. Equifax Info. Servs., LLC*, 112 F.4th 451, 455 (7th Cir. 2024) (quoting *Chaitoff*, 79 F.4th at 812).

Plaintiff cites the fact that challenged information in her credit report remained unchanged after she notified Trans Union of the disputed items as evidence that Trans Union failed to follow reasonable procedures to assure maximum possible accuracy as required by § 1681e(b) and failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute as required by § 1681i(a)(1)(A). Her claims fail, however, because she fails to plausibly allege that any of the entries of the report are inaccurate.

Plaintiff contends that in moving for dismissal, Trans Union is asking the Court "to determine that the challenged reporting is accurate as a matter of law." Dkt. No. 11 at 15. But that is not true. Trans Union does not have the burden at the pleading stage of proving that its reporting is accurate; rather Plaintiff carries the burden of "plead[ing] factual content that allows the court to draw the reasonable inference" that the information is inaccurate and, thus, Trans Union violated the FCRA. *Iqbal*, 556 U.S. at 678. Trans Union's motion asserts that Plaintiff has failed to meet that burden here. The factual content of the complaint must include more than "conclusory statements" that the information in Plaintiff's credit report is inaccurate. *See Iqbal*, 556 U.S. at 678.

Plaintiff first argues with regard to the repeated display over multiple months of charge-off designations on her Navy, OpenSky, and Self Financial accounts that the report is misleading.

She contends that "[a] charge-off is a single historical event and does not represent recurring monthly delinquency," and that the report is therefore "materially misleading." Compl. ¶¶ 14, 17, 23, 29. But multiple courts have held that "claims for 'multiple charge-offs' corresponding to a single underlying debt do not plausibly state a claim under the FCRA." *Mohammed v. Citibank, N.A.*, No. 21-CV-2703, 2023 WL 12193811, at *2 n.1 (N.D. Ill. Mar. 30, 2023) (collecting cases); *see also Whitted v. Transunion, LLC*, No. 4:26-CV-18-GSL-JEM, 2026 WL 814479, at *2 (N.D. Ind. Mar. 6, 2026) ("Multiple notations of charge-offs of the same report over time are not an actionable inaccuracy.").

"'Charge off' is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely." *Makela v. Experian Info. Sols., Inc.*, No. 6:21-cv-00386-MC, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021) (citing BLACK'S LAW DICTIONARY (11th ed. 2019)). But charging the debt off does not mean that the debt evaporates. As one court has explained:

> Banks are in fact required under Federal Regulations to charge off debt that is past due by over 180 days. Otherwise, their balance sheets would misleadingly reflect accounts as assets that have little chance of achieving their full valuation. Thus, the generally accepted accounting principle is codified into federal regulations adopted by the Federal Reserve Board and the Office of the Comptroller of Currency. Because it is not a voluntary act, the creditor has no choice in the matter. . . .
>
> Since financial institutions are required to comply with this federal requirement, it follows that charging off an account does not equate to debt forgiveness. Any other conclusion would be illogical; it would simply encourage a consumer to take out massive amounts of debt and wait around six months for it to be wiped away.

*Artemov v. TransUnion, LLC*, No. 20-cv-1892 (BMC), 2020 WL 5211068, at *3–4 (E.D.N.Y. Sept. 1, 2020) (citation omitted).

Given this background, it follows that Plaintiff's allegations against Trans Union based on the recurring charge-off entries in her credit report fail. The fact that the debt was continually listed as "charged off" means that during the time the entries were made, not only did Plaintiff fail

to make payments on the debt, but the furnisher/creditor had little expectation she would do so. The fact that the account is closed does not change the fact that the debt is owed, and even if the account is eventually paid, as with Self Financial, the fact that it was charged off for some period of time is still accurate and important information for lenders to know. Under the FCRA, CRAs may retain a charged off notation for a debt on a consumer's credit report for up to seven years. 15 U.S.C. § 1681c(a)(4). Plaintiff's allegations concerning Trans Union's report on her Navy, OpenSky, and Self Financial accounts therefore fail to state a claim under the FCRA.

The same is true for claims based on Trans Union's report on her payment history. Plaintiff does not contend that the payment history shown in her credit report was incorrect; instead, she argues that the report "creates a false and materially misleading impression of ongoing delinquent activity and Plaintiff's present creditworthiness." Dkt. No. 11 at 1. But a credit report is intended to provide an accurate picture of a consumer's credit history, not just her current financial condition. The fact that Plaintiff eventually paid and closed her accounts with Austin, Educators, and Heritage does not make her delinquent payment history irrelevant to her creditworthiness. A consumer's payment history on an account is relevant to the decision to extend credit. Plaintiff fails to allege any facts that support her conclusory assertion that the report "falsely portrays Plaintiff as presenting a greater and more current credit risk than warranted by the underlying historical facts." *Id.* at 2. A report of delinquent payments on an account that is now closed does not violate the FCRA. *Frazier v. Equifax Info. Servs., LLC*, 112 F.4th 451, 456 (7th Cir. 2024); *see also Bibbs v. Trans Union, LLC*, 43 F.4th 331, 343–44 (3d Cir. 2022) (credit report notation not materially misleading as to current—rather than historical—delinquency where "multiple conspicuous statements reflect[ed] that the accounts are closed and Appellants have no financial obligations to their previous creditors").

Since Plaintiff fails to meet the threshold requirement of alleging the existence of inaccurate information in her credit report, it is unnecessary to reach Plaintiff's arguments regarding Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy or to conduct a reasonable reinvestigation. Likewise, there is no need to reach her argument that Trans Union failed to provide her with written reinvestigation results, because she has not shown that she has suffered an injury in fact and therefore lacks standing. *Cf. Kuehling v. Trans Union, LLC*, 137 F. App'x 904, 908–09 (7th Cir. 2005).

**CONCLUSION**

For the reasons set forth above, Trans Union's motion to dismiss Plaintiff's complaint for failure to state a claim (Dkt. No. 8) is **GRANTED**. Although leave to amend is typically granted at least once, Plaintiff has not requested leave to amend. In addition, because Plaintiff does not dispute that the accounts in the Trans Union credit report were hers and concedes that the historical charge-offs and prior delinquent payments occurred, any amendment would be futile. For these reasons, the dismissal is with prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of August, 2026.

William C. Griesbach
United States District Judge